IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE CONSERVATORSHIP OF
VERLA N. JONES,

No. CIV S-05-1119 MCE GGH PS

ORDER

_____/

This action has been referred to the undersigned pursuant to Local Rule 72-302(c)(21).  Annamarie Jones is the daughter of petitioner Verla Jones, and is proceeding in this action pro se with a petition for writ of habeas corpus as a next friend.  Annamarie Jones seeks to have her mother released from a nursing home.

On July 1, 2005, petitioner was directed to file an amended petition which names the proper respondent.  On July 11, 2005, petitioner filed a pleading captioned "amended petition;" however, it does not contain any claims, but only lists individuals who might be proper respondents.  Therefore the amended petition is not complete.  Petitioner is informed that the court cannot refer to a prior pleading in order to make petitioner's amended petition complete.  Local Rule 15-220 requires that an amended petition be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended petition supersedes the original petition.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended petition, the original pleading no longer serves any function in the case.

Furthermore, petitioner has named a variety of individuals whom she suggests as

1

1  proper respondents. "A petitioner for habeas corpus relief must name the state officer having
2  custody of him or her [or the next friend] as the respondent to the petition. In this case, the
3  proper respondent may be the director of the nursing home facility where petitioner's mother
4  resides. Failure to name the petitioner's custodian as a respondent deprives federal courts of
5  personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant
6  action, petitioner has not named one respondent, but several potential respondents. Petitioner
7  will be permitted to name the proper respondent on amendment of the petition. Failure to do so
8  will result in the dismissal of the petition. See Stanley, 21 F.3d at 360.

9  Finally, petitioner has filed a document entitled "correction" in which she states
10 that she incorrectly cited Welfare and Institutions Code § 5276, and should have cited Penal
11 Code § 363. Once again, petitioner is informed that she must include all of her claims in the
12 second amended petition, and any prior pleadings will not be considered.

13 Accordingly, IT IS ORDERED that the amended petition for writ of habeas
14 corpus is dismissed, with leave to file a second amended petition within thirty days of this order.
15 Petitioner IS ADVISED THAT ANY FUTURE FILINGS SHOULD REFER TO THE CIVIL
16 CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.
17 DATED: 8/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Jones1119.amd.wpd